Taft, J.,
concurring. Section 2309.08, Revised Code, provides in part:
“The defendant may demur to the petition only when it appears on its face that:
“(A) The court has not jurisdiction of the person of the defendant;
*257 “(B) The court has no jurisdiction of the subject of the action;
tt* * #
“(E) There is a misjoinder of parties plaintiff or defendant ;
££* * #
* ‘ (I) The action was not brought within the time limited for the commencement of such actions;
‘ ‘ (J) The petition does not state facts which show a cause of action.”
Section 2309.09, Revised Code, requires that “the demurrer shall specify the grounds of objection” and states that, “unless it does so, it shall be regarded as objecting only” to the grounds specified in paragraphs (B) and (J) of Section 2309.08, Revised Code.
Section 2309.10, Revised Code, states that “when, on the face of a petition, no ground of demurrer appears, the objection may be taken by answer,” and that, “if the objection is not made in either way, the defendant has waived it” except for the grounds specified in paragraphs (B) and (J) of Section 2309.08, Revised Code.
In determining on demurrer whether it appears on the face of the petition that the court does not have jurisdiction of the person of the defendant, the court can, since a demurrer always searches the record, look at the record of the cause to determine where the defendant was served. In the instant case, that record discloses service on the defendant plumbing company outside Miami County, and the original petition alleges no facts which would authorize such service.
However, in its demurrer to that petition, defendant plumbing company did not specify as a ground that the court had no jurisdiction over its person. Hence, by reason of the provisions of Section 2309.09, Revised Code, that demurrer cannot be regarded as raising that objection; and by reason of the provisions of Section 2309.10, Revised Code, that defendant, by not raising it when it could, waived that objection.
In view of these statutes, I have considerable doubt about paragraph two of the syllabus. However, in view of the waiver by defendant plumbing company of its right to question the *258 jurisdiction over its person, it is not necessary in the instant case to consider whether paragraph two of the syllabus represents a correct statement of the law.